BLANCHE, Judge
(dissenting).
The judgment of the trial court sustaining the peremptory exceptions filed by the defendants should be reversed. Our af-firmance of the trial court’s opinion that plaintiff must exhaust administrative remedies and comply with the requirements of R.S. 47:1998 in order to maintain this action is erroneous. A reading of that section shows it was designed for the recovery of taxes wrongfully assessed to an individual taxpayer. In this case the plaintiff is not seeking a return of the taxes paid by him nor is he testing the correctness or the legality of the assessment against his property as contemplated by the second paragraph of the aforesaid statute. He is complaining that the Tax Commission, in failing to perform a mandatory duty imposed upon it by law to equalize taxes, results in an injury to him and other property owners similarly situated.
As stated in the majority opinion, the plaintiffs allege that (1) under the provisions of the Constitution and laws of the State of Louisiana, the Louisiana Tax Commission is required to establish actual cash values of all property in Louisiana for the purpose of assessment and to equalize the assessments by fixing the percentage of the actual cash valuation upon which state taxes are to be collected; (2) contrary to the clear provisions of said *73 laws the Louisiana Tax Commission does not, in fact, assess property at its actual cash value but instead permits the Parish Tax Assessors to assess property in their respective parishes at various arbitrarily fixed amounts having no real, consistent or reasonable relationship to actual value; (3) as a result thereof, assessments and the taxes collected on real and personal property in Louisiana are entirely unequal and lacking in uniformity as between taxpayers in the state and between taxpayers within the same parish; (4) as a further result thereof, plaintiffs are being assessed at a higher percentage of the actual cash value for ad valorem tax purposes than are the owners of similar property in other parishes of the State of Louisiana and that, accordingly, they are required to pay a higher effective tax rate on their property than are the owners of similar property in other parishes; (5) the failure of the Louisiana Tax Commission, and the individual members thereof, to perform their mandatory duty to fix and determine the percentage of actual cash value of property upon which the state ad valorem taxes are to be assessed and collected constitutes illegal, arbitrary, capricious, unreasonable and confiscatory state governmental action in violation of plaintiffs’ rights under the Constitution of Louisiana, Article 1, Sections 2 and 6, and under the Fourteenth Amendment of the Constitution of the United States in that it deprives them of property without due process of law and denies them equal protection of the laws of Louisiana. In short, plaintiffs allege an unconstitutional application of the assessment procedure.
In view of the foregoing allegations, what purpose would be served by requiring plaintiffs to comply with the aforesaid provisions when the object of plaintiffs’ suit is to compel the performance of a ministerial duty? The case of Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965), cited in the majority opinion is distinguishable. It is true that in Dixon the plaintiffs made similar contentions that the arbitrary and irregular assessment of their proper-ties constituted discrimination which resulted in a systematic lack of equality in the payment of taxes. However, the distinguishing feature between the Dixon case and this case lies in the relief sought. The Dixon suit was against the Tax Collector for recovery of ad valorem taxes paid under protest, and the necessity for complying with the provisions of Act 97 of 1924 (R.S. 47:1998) is obvious. The object of plaintiffs’ suit to compel the Louisiana Tax Commission to perform a ministerial duty does not depend upon a showing that their own assessment is incorrect and illegal. The assessment may well be correct but injury to them, nevertheless, results because in the absence of equalization of assessment by the Commission, others may be paying less because others may be bearing less of the tax burden by reason of the inequality in assessments. To illustrate, assume a property owner of 6,000 acres, say in Jefferson Parish, is assessed at a figure less than its actual cash value and this plaintiff, the owner of a like amount of acreage in Caddo Parish, is assessed at actual cash value. Unless the Tax Commission performs its duty to equalize taxes, then plaintiff is injured because others are not bearing their pro rata share of the tax.
Therefore, the provisions of R.S. 47:1998 are not applicable and the plaintiffs were not required to comply with the same to have standing in court.
This writer further disagrees with the majority in sustaining the trial court’s judgment that the plaintiffs were not entitled to the use of the extraordinary writ of mandamus. The law as contained in R.S. 47:1998 et seq., affords relief to a taxpayer who contests the correctness or legality of his own assessment, and as far as this writer knows, the only legal remedy available to require the Tax Commission, .its members, employees or agents to comply with their ministerial duties under the law is by mandamus. LSA-C.C.P. article 3863 reads as follows:
“A writ of mandamus may be directed to a public officer to compel the perform- *74 anee of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.”
These plaintiffs also ask for issuance of an injunction to restrain the Tax Commission from accepting assessments which fail to assess property at actual cash value. The plaintiffs are challenging whether the Tax Commission is properly establishing cash values of property in Louisiana for assessment purposes and equalizing those assessments as provided by the Constitution. They ought to at least be given their day in court to prove the same.
For the above and foregoing reasons, I respectfully dissent.